282 So.2d 878 (1973)
Burl W. McCraney, Appellant,
v.
FORD MOTOR COMPANY, a Corporation, Doing Business in the State of Florida, and Creel Ford Company, a Corporation, Appellees.
No. S-145.
District Court of Appeal of Florida, First District.
September 6, 1973.
Rehearing Denied October 8, 1973.
W. Paul Thompson, DeFuniak Springs, for appellant.
Angus G. Andrews, DeFuniak Springs, for appellees.
RAWLS, Chief Judge.
Appellant-plaintiff appeals from a directed verdict entered by the trial court on the ground that appellant failed to prove "... any measure of damages by which the Court could permit the case to go to a jury."
On December 12, 1966, appellant purchased a new Ford Thunderbird automobile from Creel Ford Company, Inc., in DeFuniak Springs, Florida. Appellant testified that from the date of purchase until more than two years later, the Thunderbird required extensive repairs. On cross-examination, this witness admitted that Creel Ford repaired the automobile a number of times and during such times furnished him an automobile for his use while it was in the shop for repairs. At 4:30 a.m. on February 16, 1968, the automobile burned while parked in front of appellant's home. The instant suit was filed upon the express written warranty and damages were sought for the sales price of the automobile.
Appellant insisted during the trial that he was entitled to the full sales price of the automobile, that being $5,619.03. This record fails to sustain any proof of the value of the automobile at the time it burned. Assuming that sufficient evidence was adduced by appellant of a casual connection between any breach of warranty on the part of Ford and the fire that consumed the automobile, the damages sought were not appropriate.
The judgment appealed is affirmed.
JOHNSON, J., concurs.
SPECTOR, J., dissents.
SPECTOR, Judge (dissenting):
I respectfully dissent from the majority's decision affirming the judgment appealed herein, which affirmance is based upon the purported absence of evidence of the damage sustained by the appellant.
The doctrines of absence of privity between manufacturer and consumer, breach of implied warranty as distinguished from breach of express warranty, proof of damages, *879 and so forth, are very interesting. However, they are neither so interesting nor sacrosanct that they should be permitted to obscure the plain unmitigated fact deducible from the evidence herein.
That fact is that appellant paid $5,619.03 for a brand new Thunderbird automobile manufactured by the appellee Ford Motor Company, and the car commenced breaching the expectations of its maker (and its purchaser) as the new and briefly proud owner was driving it home from the dealer's floor. Without reciting the veritable catalogue of defects exhibited by this anomaly of an otherwise respected line of luxury automobile, it is sufficient to state that it would take less time and space to list what was right about the car than to go on and on with a recitation of its defects. The car simply was a lemon and no amount of adjustment or repair was ever able to convert it into pleasurable lemonade.
In my view, the evidence in this case would have supported a jury finding that the express warranty of the appellee manufacturer that "... each part of this Ford-built vehicle [is] free under normal use and service from defects in material and workmanship ..." was breached on the day appellant took possession only to learn during a rainstorm that his electrically operated windows were inoperative  a circumstance which generally is not encountered until shortly after the warranty period has expired.
I would reverse and remand for a new trial with the issue of whether appellant is entitled to his money back in these circumstances to be determined by a jury.
However, while it seems to me that there was ample evidence based on which the jury could render a verdict against the manufacturer, there is no evidence indicating that the appellee dealer did anything which would make it liable to the purchaser. Indeed, the record is replete with uncontroverted evidence that the dealer had repeatedly done everything humanly and mechanically possible to rectify the numerous congenital defects which the car brought with it from the assembly lines.
Accordingly, the directed verdict in favor of Creel Ford Company, Inc. should be affirmed, while the directed verdict for Ford Motor Company should be reversed and a new trial granted against that defendant in accordance with the above.